Filed 9/4/20  P. v. Gilpin CA3
(opinion following transfer from Supreme Court)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BILLY SHANE GILPIN,<br><br>    Defendant and Appellant. | C087517<br><br>(Super. Ct. No. 18CR000448)<br><br>OPINION ON REMAND |

Defendant Billy Shane Gilpin was sentenced to five years in prison pursuant to a plea agreement in which he pled guilty to possession of a controlled substance, methamphetamine, and misdemeanor possession of controlled substance paraphernalia. He contends Penal Code[1] section 1001.36 applies retroactively, requiring conditional reversal of his convictions and sentence and remand of the matter for the trial court to

---

[1]    All further section references are to the Penal Code unless otherwise specified.

1

conduct a mental health diversion eligibility hearing. Defendant also argues the concurrent sentence on the paraphernalia possession count should be stayed pursuant to section 654.

The People originally argued defendant's mental health diversion claim should be dismissed for failure to obtain a certificate of probable cause and, in any event, the claim fails on the merits because section 1001.36 does not apply retroactively. As to the second contention, the People concede the trial court should have stayed punishment on the paraphernalia possession count under section 654.

We originally disagreed with the People that a certificate of probable cause was required to raise the section 1001.36 issue. We did not reach the question of retroactivity, however, because we concluded defendant failed to show section 1001.36 may apply to him. Finally, we accepted the People's concession and agreed the concurrent sentence on the paraphernalia possession count violates section 654. We accordingly stayed the sentence on that count. In all other respects, we affirmed the judgment.

Our Supreme Court granted review but deferred further action pending disposition in *Frahs*. (*People v. Frahs* (2020) 9 Cal.5th 618.) Following its decision in *Frahs*, the court transferred this matter back to us with directions to vacate our decision and reconsider the cause in light of *Frahs*. In *Frahs*, the court found section 1001.36 applies retroactively to defendants whose cases were not yet final when the Legislature enacted section 1001.36. (*Frahs*, at p. 640-641.) The court further concluded a defendant need only argue he suffers from a qualifying mental disorder to be entitled to a limited remand to allow the trial court to conduct a mental health diversion eligibility hearing. (*Id.* at p. 640.) As we are bound by our Supreme Court's decision in *Frahs*, we will grant a limited remand for the purposes of determining defendant's eligibility for mental health diversion under section 1001.36. Our holding as to defendant's concurrent sentence remains unchanged, and his sentence on the paraphernalia possession count is stayed as it violates section 654.

FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2018, a parole officer conducted an unannounced visit at defendant's home.  Defendant told the officer he would test positive for methamphetamine.  The officer searched defendant's home and found a hypodermic syringe, a spoon with a piece of cotton stuck to it, and a baggie with one-tenth of a gram of methamphetamine in a bedroom closet.

Defendant was charged with possession of a controlled substance, methamphetamine, and misdemeanor possession of controlled substance paraphernalia.  As to the controlled substance count, the information alleged defendant had a prior strike and had served a prior prison term.

On April 23, 2018, defendant entered an open plea of guilty on both counts and admitted the special allegations in return for a seven-year "lid" and the right to seek *Romero* relief.  (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.)  The plea agreement further provided defendant would be referred to the behavioral health court.  The trial court denied defendant's *Romero* request and application for probation.  The behavioral health court denied defendant's referral, noting he "has severe mental health and substance use issues" and suffers from a mental disorder identified in the fifth edition of the Diagnostic and Statistical Manual of Mental Disorders.  On June 4, 2018, the court sentenced defendant to five years in prison.

Defendant filed a timely notice of appeal.  He did not obtain a certificate of probable cause.

DISCUSSION

I

*Mental Health Diversion*

A

*No Certificate Of Probable Cause Required*

The People contend defendant's section 1001.36 argument should be dismissed for failure to obtain a certificate of probable cause.  We disagree.

3

Section 1237.5 provides in relevant part that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met:  [¶]  (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.  [¶]  (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

" 'The purpose for requiring a certificate of probable cause is to discourage and weed out frivolous or vexatious appeals challenging convictions following guilty and nolo contendere pleas.  [Citations.]  The objective is to promote judicial economy "by screening out wholly frivolous guilty [and nolo contendere] plea appeals before time and money is spent preparing the record and the briefs for consideration by the reviewing court."  [Citations.]

" 'It has long been established that issues going to the validity of a plea require compliance with section 1237.5.  [Citation.]  Thus, for example, a certificate must be obtained when a defendant claims that a plea was induced by misrepresentations of a fundamental nature [citation] or that the plea was entered at a time when the defendant was mentally incompetent [citation].  Similarly, a certificate is required when a defendant claims that warnings regarding the effect of a guilty plea on the right to appeal were inadequate.  [Citation.]'  [Citation.]

" 'In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal:  "the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made."  [Citation.]  Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5.' "  (*People v. Buttram* (2003) 30 Cal.4th 773, 781-782.)

Our Supreme Court has explained that a plea in which the parties agree to a maximum sentence does not require a certificate of probable cause unless the defendant

4

challenges the legal validity of the maximum sentence itself. (*People v. Buttram*, *supra*, 30 Cal.4th at pp. 790-791.) "When the parties negotiate a *maximum* sentence, they obviously mean something different than if they had bargained for a *specific* or *recommended* sentence. By agreeing only to a maximum sentence, the parties leave unresolved between themselves the appropriate sentence within the maximum. That issue is left to the normal sentencing discretion of the trial court, to be exercised in a separate proceeding." (*Id.* at p. 785.)

"[A] certificate of probable cause is not required to challenge the exercise of individualized sentencing discretion within an agreed maximum sentence. Such an agreement, by its nature, contemplates that the court will choose from among a range of permissible sentences within the maximum, and that abuses of this discretionary sentencing authority will be reviewable on appeal, as they would otherwise be. Accordingly, such appellate claims do not constitute an attack on the validity of the plea, for which a certificate is necessary." (*People v. Buttram*, *supra*, 30 Cal.4th at pp. 790-791; see *id.* at p. 777 ["Unless it specifies otherwise, a plea agreement providing for a maximum sentence inherently reserves the parties' right to a sentencing proceeding in which (1) . . . they may litigate the appropriate individualized sentence choice within the constraints of the bargain and the court's lawful discretion, and (2) appellate challenges otherwise available against the court's exercise of that discretion are retained"].)

Here, the parties agreed to a maximum sentence of seven years in the plea agreement and the trial court exercised its discretion by imposing a lesser sentence of five years. Defendant's challenge to the trial court's sentencing discretion relating to the application of section 1001.36 does not require a certificate of probable cause.

B

*Defendant Is Entitled To Conditional Reversal Under Section 1001.36*

Defendant contends we should conditionally reverse his convictions and sentence and remand the matter for the trial court to conduct a mental health diversion eligibility hearing under section 1001.36 because he suffers from "a qualifying diagnosed mental disorder." He contends the statute applies retroactively to him as the Legislature enacted

5

section 1001.36 after his sentencing but before his case was final, relying on *People v. Frahs* (2018) 27 Cal.App.5th 784, review granted December 27, 2018, S252220. Originally, we did not reach the question of retroactivity because we concluded defendant failed to show section 1001.36 *may* apply to him. However, pursuant to our Supreme Court's decision in *Frahs*, the People concede and we now conclude defendant is entitled to limited remand to the trial court for a determination on his eligibility for mental health diversion under section 1001.36. (See *People v. Frahs*, *supra*, 9 Cal.5th at pp. 640-641.) Section 1001.36 was enacted after defendant's sentencing (Stats. 2018, ch. 34, § 24, eff. June 27, 2018) and provides pretrial diversion may be granted if the trial court finds all of the following criteria are met: (1) the defendant suffers from a recently diagnosed mental disorder enumerated in the statute; (2) the disorder was a significant factor in the commission of the charged offense, and that offense is not one of the offenses enumerated in subdivision (b); (3) "[i]n the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder motivating the criminal behavior would respond to mental health treatment"; (4) the defendant consents to diversion and waives his right to a speedy trial; (5) the defendant agrees to comply with treatment as a condition of diversion; and (6) the defendant will not pose an unreasonable risk of danger to public safety, as defined in section 1170.18, if treated in the community. (§ 1001.36, subd. (b)(1)-(2).) If the treatment under pretrial diversion is deemed successful, the charges shall be dismissed and the defendant's criminal record expunged. (§ 1001.36, subds. (b)(1)(A)-(C), (c)(3), (e).)

The statute further provides: "At any stage of the proceedings, the court may require the defendant to make a prima facie showing that the defendant will meet the minimum requirements of eligibility for diversion and that the defendant and the offense are suitable for diversion. The hearing on the prima facie showing shall be informal and may proceed on offers of proof, reliable hearsay, and argument of counsel. If a prima facie showing is not made, the court may summarily deny the request for diversion or grant any other relief as may be deemed appropriate." (§ 1001.36, subd. (b)(3).)

6

In *Frahs*, our Supreme Court concluded *Estrada*'s inference of retroactivity applies to section 1001.36 such that defendants with qualifying mental disorders whose cases are not yet final are entitled to limited remand for the trial court to determine whether they are eligible for mental health diversion. (*People v. Frahs*, *supra*, 9 Cal.5th at pp. 624-625; see also *In re Estrada* (1965) 63 Cal.2d 740.) The court concluded "the possibility of being granted mental health diversion rather than being tried and sentenced 'can result in dramatically different and more lenient treatment.' " (*Frahs*, at p. 631, quoting *People v. Superior Court (Lara)* 4 Cal.5th 299, 303.) Our Supreme Court relied on its decision in *Lara*, where it concluded the ameliorative benefits of Proposition 57, which prohibits prosecutors from charging juveniles with crimes directly in adult criminal court, are retroactively applicable to juveniles whose judgments are not yet final at the time Proposition 57 was enacted. (*Frahs*, at p. 629; *People v. Superior Court (Lara)*, *supra*, at pp. 303-304.) The *Frahs* court concluded the pertinent facts "are like those involved in *Lara*." (*Frahs*, at p. 631.) Specifically, the court reasoned "the impact of a trial court's decision to grant diversion can spell the difference between, on the one hand, a defendant receiving specialized mental health treatment, possibly avoiding criminal prosecution altogether, and even maintaining a clean record, and on the other, a defendant serving a lengthy prison sentence." (*Ibid.*) The court therefore concluded "the ameliorative nature of the diversion program places it squarely within the spirit of the *Estrada* rule." and thus the program retroactively applies to defendants whose cases are not yet final. (*Frahs*, at p. 631.) That is the case for defendant here.

The *Frahs* court further rejected the People's argument the defendant there was not entitled to remand because he did not make an adequate showing of eligibility. (*People v. Frahs*, *supra*, 9 Cal.5th at pp. 637-638.) The People argued the defendant had to demonstrate he met all six threshold eligibility requirements before the appellate court could remand. (*Id.* at p. 638.) The court found imposing such a high bar for remand "would be unduly onerous and impractical" and "inconsistent with any sensible retroactive application of the statute." (*Ibid.*) Instead, the court concluded "a conditional limited remand for the trial court to conduct a mental health diversion eligibility hearing

7

is warranted when, as here, the record affirmatively discloses that the defendant appears to meet at least the first threshold eligibility requirement for mental health diversion -- the defendant suffers from a qualifying mental disorder." (*Id.* at p. 640.)

Defendant argues he suffers from posttraumatic stress disorder. The "Behavioral Health Team Assessment," performed on defendant's referral to behavioral health court, noted defendant suffers from posttraumatic stress disorder. The assessment further noted defendant suffers from severe mental health issues. Posttraumatic stress disorder is a qualifying mental disorder under section 1001.36. Per *Frahs*, because defendant has argued he suffers from a qualifying mental disorder, he is entitled to a conditional remand to allow the trial court to conduct a mental health diversion eligibility hearing under section 1001.36.

II

*The Sentence On The Drug Paraphernalia Possession*
*Count Must Be Stayed Under Section 654*

Defendant contends his concurrent sentence on the drug paraphernalia possession count was imposed in error because the sentence should have been stayed under section 654. The People concede the point. We accept the concession and agree.

Section 654, subdivision (a) provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." As this court explained in *Louie*: "The challenge in applying section 654 arises because, '[f]ew if any crimes . . . are the result of a single physical act.' [Citation.] Accordingly, courts have long recognized that the proscription against multiple punishment may also apply when a course of criminal conduct violates more than one statute. [Citation.] Where a defendant's crimes are the result of a course of criminal conduct, courts endeavor to determine whether the course of conduct is divisible, i.e., whether it constitutes more than one criminal act. [Citation.] A course of conduct will give rise to more than one criminal act if the actions were incident to more than one objective. [Citation.] The point of

8

determining whether a defendant had more than one criminal objective is to discover whether the defendant's multiple actions should be considered one criminal act or more than one criminal act for the purpose of section 654." (*People v. Louie* (2012) 203 Cal.App.4th 388, 396-397.)

As the People explain, the methamphetamine and syringe were found in the same place -- defendant's bedroom closet. Those items were found along with a spoon, a tool commonly used to prepare methamphetamine for injection. There is no evidence in the record suggesting defendant had a different or separate intent with regard to the paraphernalia other than to use it to inject the methamphetamine. Thus, there is no substantial evidence to support the trial court's implied finding of a separate intent or objective. (*People v. Islas* (2012) 210 Cal.App.4th 116, 129.) Section 654 applies to stay the punishment for the drug paraphernalia possession count.

## DISPOSITION

We conditionally reverse the judgment and remand to the trial court for an eligibility determination under section 1001.36. "If the trial court finds that [defendant] suffers from a mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets the six statutory criteria (as nearly as possible given the postconviction procedural posture of this case), then the court may grant diversion. If [defendant] successfully completes diversion, then the court shall dismiss the charges. However, if the court determines that [defendant] does not meet the criteria under section 1001.36, or if [defendant] does not successfully complete diversion, then his convictions and sentence shall be reinstated." (*People v. Frahs*, *supra*, 9 Cal.5th at p. 641.)

If the trial court reinstates defendant's sentence, it shall stay the term imposed for the possession of drug paraphernalia conviction pursuant to section 654. The trial court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

9

                                              /s/
                                              Robie, Acting P. J.


We concur:



 /s/
Murray, J.



 /s/
Butz, J.*

---

* Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10